UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Don Scheetz, et al.,

   Plaintiffs,

v.

Consumer Research Corp.,

   Defendant.

Case No. 2:07-cv-00207

Judge Michael H. Watson

## OPINION AND ORDER

Plaintiffs Don Scheetz and Matthew Scheff bring suit under Ohio Revised Code § 1345.02, the Ohio Consumer Sales Practices Act ("OCSPA"), against defendant Consumer Research Corp. ("CRC") for allegedly transmitting to the plaintiffs hundreds of "spam" emails that contained fraudulent claims and deceptive offers. This matter is before the Court on defendant's motion to dismiss for failure to plead fraud with specificity under Fed. R. Civ. P. 9(b), and for failure to state a claim under Rule 12(b)(6). For the reasons stated below, the Court finds plaintiffs are unable to plead their OCSPA claims with particularity as required under Rule 9(b).[1]

### I. Background

Plaintiffs are individuals who reside in the Southern District of Ohio and have email accounts which are supplied by internet service providers located within the Southern District of Ohio. Plaintiffs allege that beginning on January 1, 2005,

---

[1] The defendant in a separate motion also moves to dismiss for failure to meet the amount in controversy requirement for diversity jurisdiction. 28 U.S.C. § 1332. Because the matter can be decided on the Rules 9(b) and 12(b)(6) motion, the Court need not decide whether plaintiffs have pleaded a sufficient amount in controversy.

defendant CRC began sending them unsolicited emails. They assert that these emails contained offers for free merchandise, and that these offers either contained hidden conditions that were not disclosed, or that defendant had no intention of carrying out its promises. Plaintiffs aver that by sending these emails the defendant knowingly violated Ohio Revised Code § 1345.02 in one or more ways.

## II. Standard of Review

Defendant contends that plaintiffs' cause of action constitutes allegations of fraud, and thus is subject to the heightened pleading requirement of Fed. R. Civ. P. 9(b). Rule 9(b) requires that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Id.* The Sixth Circuit has held that "[t]o satisfy this requirement, a plaintiff must allege specifically times, places, [and] contents . . . of the underlying fraud." *Ullmo v. Gilmour Acad.*, 273 F.3d 671, 678 (6th Cir. 2001) (internal citations omitted). Though the Court should accept the non-moving party's allegations of fact as true, it is in no way bound by their conclusions of law. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

## III. Analysis

Defendant CRC argues that plaintiffs have failed to comply with the elevated pleading standard. Plaintiffs contend only that Rule 9(b) does not apply to the OCSPA because the acts proscribed by that statute are not expressly defined as fraud, and that plaintiffs have not plead a claim for fraud. The threshold question is therefore whether Rule 9(b) applies to the OCSPA.

### A. Rule 9(b) applies to the OCSPA

In determining if Rule 9(b) applies to the OCSPA, the Court must decide whether Rule 9(b) is applicable only to actual claims for fraud, or if it can be extended to any claim regarding a fraudulent act. Defendant cites two cases from this District where the courts have held that Rule 9(b) pleading standards apply to claims under the OCSPA. *See Delahunt v. Cytodyne Technologies,* 241 F. Supp. 2d 827, 840 (S.D. Ohio 2003); *Ferron v. Zoomego, Inc.*, No. 2:06-cv-751, 2007 U.S. Dist. LEXIS 48292, at *9 (S.D. Ohio July 3, 2007) (Marbley, J.), *aff'd on other grounds,* 2008 U.S. App. LEXIS 10341 (6th Cir. May 7, 2008). As additional support for their argument, defendant cites the decisions of several other districts holding that Rule 9(b) applies to a state's respective consumer protection acts. *See, e.g., Duran v. Clover Club Foods Co.*, 616 F. Supp. 790, 793 (D. Colo. 1985); *Thompson v. Jiffy Lube Int'l, Inc.*, No. 05-1203-WEB, 2006 U.S. Dist. LEXIS 39113, at *22 (D. Kan. June 13, 2006).

The Sixth Circuit has applied the Rule 9(b) standard to the Tennessee state consumer protection act, and specifically to the act's language of "unfair and deceptive acts." *Metro. Prop. & Cas. Ins. Co. v. Bell*, No. 04-5965, 2005 U.S. App. LEXIS 17825, at *15-16 (6th Cir. Aug. 17, 2005). The OCSPA contains language similar to the Tennessee statute. *See* Ohio Rev. Code § 1345.02 (prohibiting "unfair or deceptive consumer sales practices"). While the Sixth Circuit partly based their application of Rule 9(b) in *Metro Prop.* on the decision of a Tennessee state court, at least one Ohio appellate court has also held that Ohio R. Civ. P. 9(b) (analogous to the federal rule) applies to OCSPA claims. *Long v. Ford Motor Co.*, No. 456, 1983 Ohio App. LEXIS 14177, at *4 (Ohio Ct. App. 7th Dist. Sept. 15, 1983).

Plaintiffs cite a single decision of this District in support of the proposition that Rule 9(b) does not apply. See *Ferron v. Search Cactus,* L.L.C., No. 2:06-cv-327, 2007 U.S. Dist. LEXIS 44473, at *11-12 (S.D. Ohio June 19, 2007) (Frost, J.) (holding that Rule 9(b) does not apply to OCSPA because the statute does not expressly use the term "fraud"). Plaintiffs also note that nowhere in their complaint do they use the word fraud. Consequently, they argue that they have made no averment of fraud and should not be held to the Rule 9(b) standard.

The Court finds little merit in Plaintiffs' argument. To hold that Rule 9(b) applies only to claims where either the statute or the complaint expressly uses the word fraud would be contrary to the spirit of the rule. "[The] purpose undergirding the particularity requirement of Rule 9(b) is to provide a defendant fair notice of the substance of a plaintiff's claim in order that the defendant may prepare a responsive pleading." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988). Plaintiffs should not be allowed to circumvent this requirement by merely omitting the word "fraud" from their complaint.

The word "fraud" as used in Rule 9(b) should not be construed to refer only to statutory or common-law fraud. Black's Law Dictionary defines "fraud" to include "unconscionable dealing." *Black's Law Dictionary* 300 (3d pocket ed. 2006). The Court finds no reason to distinguish "unconscionable dealing" and "unfair and deceptive trade practices." See *Toner v. Allstate Ins. Co.*, 821 F. Supp. 276, 283 (D. Del. 1993) ("Although the language of Rule 9(b) confines its requirements to claims of mistake and fraud, the requirements of the rule apply to all cases where the gravamen of the claim is

fraud even though the theory supporting the claim is not technically termed fraud.") (citations omitted). Here, the gravamen of plaintiffs' complaint is that defendant allegedly committed fraudulent and deceptive business practices. Accordingly, Rule 9(b) applies regardless of whether the OCSPA uses the word "fraud." *See Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007) (applying Rule 9(b) to Maryland's consumer protection act where fraud was the "heart of Defendants' alleged violations of the Act"); *Drobnak v. Andersen Corp.*, No. 07-2249, 2008 U.S. Dist. LEXIS 1343, at *12 (D. Minn. Jan 8, 2008) (holding that Rule 9(b) applies to the Minnesota consumer protection act because the gravamen of the complaint was fraud); *cf. Michels v. Monaco Coach Corp.*, 298 F. Supp. 2d 642, 651 (E.D. Mich. 2003) (holding that Rule 9(b) did not apply to Michigan's consumer protection act where the basis for the claims arising under the act was breach of warranty).

The single decision on which plaintiffs rely does not outweigh the combined precedent of multiple decisions of the Sixth Circuit, the courts of this District and the State of Ohio, as well as the trend of district courts across the country. Accordingly, the Court holds that the pleading standard embodied in Fed. R. Civ. P. 9(b) applies to actions arising under the OCSPA's prohibition of unfair and deceptive trade practices.

### B. Plaintiffs have failed to meet the pleading standard of Rule 9(b)

Defendant CRC also contends that the complaint submitted by the plaintiffs fails to meet the standard of Rule 9(b). As discussed above, the rule requires that the plaintiff specifically include the time, place, and contents of the alleged fraud. *Ullmo*, 273 F.3d at 678. The facts included must give the defendant fair notice as to which

specific acts constituted fraudulent behavior so that the defendant may have a fair opportunity to rebut the plaintiff's claims. *See Michaels Bldg. Co.*, 848 F.2d at 679.

The complaint asserts that defendant transmitted to plaintiffs hundreds of email messages. Aside from this, there are no other factual statements regarding defendant's alleged illegal actions within the complaint. The rest of the document consists entirely of quotes from Ohio Revised Code 1345.02, assorted cases, and a long list of offenses that plaintiffs believe the defendant has committed. Nowhere in the complaint do plaintiffs describe the contents of any email, which emails were in violation of the law, or how any of the emails violated the OCSPA. Additionally, because the language of the complaint states that defendant CRC committed "one or more" unfair and deceptive acts, defendant cannot gather from the complaint which of the twenty-four listed allegations plaintiffs actually intend to prove.

In *Michaels Bldg. Co.*, the Sixth Circuit held that the plaintiff had met his rule 9(b) requirements where he specifically pleaded, among other things, the exact representations made and "the nature in which the statements are alleged to be misleading or false," and identified the allegedly fraudulent loan documents and attached copies to the complaint. 848 F.2d at 679. Plaintiffs here, however, have not taken any similar steps towards meeting the pleading standard. Though they have attached to their opposition memorandum a CD-ROM containing all of the emails sent by CRC, these are not part of the pleading itself, nor have plaintiffs moved to amend their complaint to include these emails. Furthermore, defendant does not dispute that it actually sent plaintiffs emails. It would not put defendant on any sort of notice as to

what plaintiffs' claim actually is by simply turning over to CRC hundreds of emails and forcing them to guess which ones plaintiffs consider unfair or deceptive and why they believe this is so.

Plaintiffs' memorandum in opposition follows the same pattern as their complaint. The bulk of their argument is dedicated to merely quoting the law, which is insufficient under Rule 9(b)'s specificity requirement. *Johnson*, 492 F. Supp. 2d at 509. Plaintiffs assert that their claims are supported in the complaint by preceding the allegations with the phrase "upon information and belief." This does little to satisfy the requirements of Rule 9(b). See *Toner*, 821 F. Supp. at 285. Neither the complaint nor plaintiffs' memorandum actually states what this information is or upon what facts plaintiffs' assertions are based. As such, it cannot be said that this statement gives defendant any fair notice of the basis for plaintiffs' claim.

Plaintiffs' complaint consists almost entirely of legal conclusions with no factual bases to support them. This is insufficient to meet the standard imposed by Rule 9(b). *Ryan v. Stone & Webster Sec. Corp.*, 659 F.2d 1082 (6th Cir. 1981). In the *Zoomego* case, mentioned above, the same law firm representing these plaintiffs filed a similar suit with an almost identical complaint. The court found the plaintiff's complaint insufficient on Rule 9(b) grounds, holding that the plaintiff's failure to state the time of the emails, the precise content of the alleged offenses, and the resulting injury did not meet the specificity standard of Rule 9(b). *Zoomego*, 2007 U.S. Dist. LEXIS 48292, at *9. Similarly, the Court finds that plaintiffs' unsupported legal conclusions fall far short of the specificity requirement of Rule 9(b).

## IV. Disposition

For the reasons discussed above, the Court hereby **GRANTS** defendant's motion to dismiss for failure to comply with the pleading standard set forth in Fed. R. Civ. P. 9(b). Inasmuch as plaintiffs have not offered to amend their complaint to plead fraud with particularity, plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**